**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY KOZMA, on behalf of himself and others similarly situated,** | ) ) | **CASE NO.** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **THE CITY OF CLEVELAND,** | ) | |
| | ) | **COLLECTIVE ACTION COMPLAINT** |
| **Defendant.** | ) | |

Plaintiff Jeffrey Kozma ("Plaintiff"), by and through counsel, for his Complaint against Defendant The City of Cleveland ("Defendant") for the failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; and based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, states and alleges as follows:

**INTRODUCTION**

1)      This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA").

2)      Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and the following similarly situated employees who may join this case pursuant to §216(b) (the "Putative Class"):

> All former and current hourly non-exempt employees of Defendant who worked in a public safety or emergency response activity and

who accrued compensatory time in lieu of overtime in excess of 480
hours at any time during the last three years.

## JURISDICTION AND VENUE

3)      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.
§ 1331 and 29 U.S.C. § 216(b).

4)      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

5)      At all times relevant herein, Plaintiff was a citizen of the United States and resident
of Cuyahoga County, Ohio.

6)      At all times relevant herein, Plaintiff was an employee of Defendant within the
meaning of 29 U.S.C. § 203(e).

7)      At all times relevant herein, Defendant was an employer within the meaning of 29
U.S.C. § 203(s)(1)(C).

8)      Plaintiff's written consent to join this action is attached hereto as Exhibit A.
Written consents to join this action when executed by other individual plaintiffs will be filed
pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

9)      At all relevant times, Defendant has operated and controlled the Cleveland Police
Department.

10)     Plaintiff is employed and has been employed by Defendant as a non-exempt, hourly
police officer for approximately 20 years.

11)     As a police officer, Plaintiff is an employee engaged in a public safety activity and
in an emergency response activity within the meaning of the FLSA.

12)     At all relevant times, Plaintiff typically worked over 40 hours per workweek.

13)     Defendant failed to pay Plaintiff and the Putative Class members overtime compensation as required by the FLSA at a rate of not less than one and one-half his regular rate, and such overtime remains unpaid.

14)     Instead, Defendant requires Plaintiff and the Putative Class members to accept "compensatory time off" in lieu of overtime wages in an amount in excess of 480 hours.   For example, Plaintiff has now accrued, and regularly maintains, over one thousand hours of compensatory time.

15)     The FLSA prohibits employers from allowing or requiring employees to accrue over 480 hours of compensatory time.   *See* 29 U.S.C. § 207(o)(3)(A) ("…the employee engaged in such work may accrue not more than 480 hours of compensatory time…").

16)     In impermissibly requiring Plaintiff and the Putative Class members to accrue "compensatory time" in an amount well in excess of 480 hours, Defendant has violated the FLSA by failing to pay Plaintiff and the Putative Class members overtime compensation as at a rate of not less than one and one-half their regular rate, and such overtime remains unpaid.

17)     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

18)     To the extent that Defendant failed to make, keep, and preserve records of all hours worked, Plaintiff is entitled to a reasonable estimate of such time.

## COLLECTIVE ACTION ALLEGATIONS

19)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20)     Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of himself and on behalf of the Putative Class members:

> All former and current hourly non-exempt employees of Defendant who worked in a public safety or emergency response activity and who accrued compensatory time in lieu of overtime in excess of 480 hours at any time during the last three years.

21)     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for: (1) unpaid overtime compensation; (2) liquidated damages; and (3) attorneys' fees and costs under the FLSA.  Putative Class members are similarly situated to Plaintiff with regard to their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

22)     The Putative Class members are known to Defendant and are readily identifiable through Defendant's payroll and other records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for: (1) unpaid overtime compensation; (2) liquidated damages; and (3) attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Overtime Violations – FLSA)

23)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24)     The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

25)     Plaintiff and the Putative Class members regularly worked over 40 hours per week.

26)     Defendant failed to pay Plaintiff and the Putative Class members overtime compensation at a rate of not less than one and one-half their regular rates for overtime hours worked in violation of the FLSA.

4

27)     As a result of Defendant's practices and policies, Plaintiff and the Putative Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B.     Enter judgment against Defendant and in favor of Plaintiff and the Putative Class members who join this case;

C.     Award Plaintiff and the Putative Class members actual damages for unpaid wages;

D.     Award Plaintiff and the Putative Class members liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the Putative Class.

E.     Award Plaintiff and the Putative Class members pre-judgment and post-judgment interest at the statutory rate;

F.     Award Plaintiff and the Putative Class members fees, costs, and disbursements; and

G.     Award Plaintiff and the Putative Class members further and additional relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher LLC

*/s/ Christopher J. Lalak*
Christopher J. Lalak (0090079)
614 West Superior Avenue
Suite 1148
Cleveland, Ohio 44113
Telephone:     (216) 230-2955
Email: clalak@ohlaborlaw.com

Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:     (614) 824-5770
Facsimile:     (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*